UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY R.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C25-6147-MLP<br><br>ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the administrative law judge ("ALJ") erred in evaluating limitations related to her carpal tunnel syndrome, mental impairments, and symptom testimony. (Dkt. # 11.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 15.) Plaintiff filed a reply. (Dkt. # 16.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in September, 1984, has a high school education, and has worked as a bartender. AR at 2481-82. Plaintiff was last gainfully employed from June 1, 2024 through December 31, 2024. *Id.* at 2456-57. In January 2020, Plaintiff applied for benefits, alleging disability as of January 13, 2020. *Id.* at 15. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 15. After the ALJ conducted a hearing in June 2022, and a supplemental hearing in November 2022, the ALJ issued a decision finding Plaintiff not disabled. *Id.* The Appeals Council denied Plaintiff's request for review, and she appealed to this Court. *Id.* at 1, 2569. The Commissioner stipulated to remand, which the Court did with instructions to obtain supplemental vocational expert ("VE") testimony, complete the administrative record, and offer the opportunity for a new hearing. *Id.* at 2572-73. After a new ALJ conducted a third hearing on February 26, 2025, the ALJ issued a decision again finding Plaintiff not disabled. *Id.* at 2453-84.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff engaged in substantial gainful activity ("SGA") from July 1, 2024, through September 30, 2024, but there was a continuous 12-month period during which she did not engage in SGA. AR at 2456-57. She has the severe impairments of status post-heel fracture, carpal tunnel syndrome, depressive disorder, anxiety disorder, drug addiction/abuse, osteoarthritis, lung nodules, asthma, coronary artery disease, and degenerative disc disease. *Id.* at 2457. She retains the residual functional capacity ("RFC") to perform light work with additional exertional, environmental, and non-exertional limitations. *Id.* at 2460. As Plaintiff can perform jobs that exist in significant numbers in the national economy, she is not disabled. *Id.* at 2482-83.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

# IV. DISCUSSION

## A. The ALJ Did Not Err in RFC Determination

Plaintiff argues the ALJ erred by finding carpal tunnel syndrome severe at step two but failing to include manipulative restrictions in his RFC. (Dkt. ## 11 at 3-6; 16 at 1-3.) Plaintiff cites no medical opinion or testimony supporting manipulative limitations. The ALJ considered Plaintiff's statements about carpal tunnel syndrome and osteoarthritis, reasonably discounting them as inconsistent with records showing significant post-surgical improvement and no meaningful follow-up after November 2022. AR at 2478-79. Plaintiff does not engage with this rationale, instead summarizing evidence she believes supports disability. That is insufficient to demonstrate error.

Nor is Plaintiff's reliance on *Gageby v. Dudek* instructive. 2025 WL 1352401, at *1 (9th Cir. May 9, 2025) (unpublished). There, the Ninth Circuit found that the ALJ's downgrading at step three of the claimant's limitations from moderate to mild without a change in reasoning was harmful error. *Id.* Here, two separate ALJs assessed evidence of Plaintiff's grip limitations in evaluating her RFC and came to different conclusions. *Compare* AR at 20-32 *with id.* at 2468-71. The explanations are not "nearly identical," as Plaintiff alleges, and the second ALJ considered new testimonial and medical evidence. *See id.* Plaintiff has not demonstrated the ALJ erred.

Plaintiff also contends the RFC fails to account for the ALJ's moderate findings in concentration, persistence, and pace at step three, arguing these should translate to an off-task limitation. (Dkt. # 11 at 6-9.) She again does not engage with the ALJ's reasoning. The ALJ is responsible for translating supported medical evidence into a succinct RFC and resolving

conflicts and ambiguities. *See Rounds v. Comm'r Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Ford*, 950 F.3d at 1149.

The ALJ discounted Plaintiff's statements of limitations related to her mental health as inconsistent with the overall medical record. AR at 2478. He noted a symptom increase during the period surrounding her son's death, making those records less indicative of her baseline functioning. *Id* (citing *id.* at 3287). He also observed emergency room visits associated with relapse and use of methamphetamine, heroin, and amphetamines. *Id.* at 2476-77. Sparse mental health treatment contradicted her testimony. *Id.* at 2479. In October 2023, her primary care provider recommended reevaluating the bipolar diagnosis. *Id.* at 3335. Her psychiatric medications were primarily managed by her primary care physician rather than a mental health specialist. *See, e.g., id.* at 656, 3297, 3303. Records indicate she saw a counselor monthly for methadone, and she reported difficulty engaging in counseling while working full-time and caring for her daughter. *Id.* at 3308. She acknowledged she had not yet returned to regular counseling. *Id.* at 2516. The ALJ reasonably discounted her testimony on this basis. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Plaintiff identifies no medical opinion or specific evidence showing harmful RFC error.

Accordingly, the ALJ did not err in formulating the RFC.

**B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff challenges the ALJ's assessment of her testimony about difficulty sitting and standing due to degenerative disc disease, deep vein thrombosis, and right foot dysfunction. (Dkt. # 11 at 9-15.) At her most recent hearing, Plaintiff described caring for her six-year-old daughter, taking the bus, working at St. Vincent de Paul, frequent absences, bipolar symptoms, back and foot pain, and migraines. AR at 2504-16. The ALJ discounted her testimony as inconsistent with her activities and the medical record, including conservative care and improvement with treatment. *Id.* at 2461-80.

Plaintiff does not dispute the ALJ's finding that she engaged in substantial gainful activity from June 2024 through September 2024, but asserts it was sheltered work and thus not contradictory of her testimony. (Dkt. # 11 at 14 (citing 20 C.F.R. §§ 404.1573(c), 416.973).) The ALJ did not rely on sheltered-work principles to find transferable skills; rather, he found her work activity contradicted her allegations. *See* AR at 2456-57, 2479-80; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ found Plaintiff's job at St. Vincent de Paul was not an unsuccessful work attempt and involved no special assistance or accommodations. AR at 2456-57. Employer records show that in February 2025 she worked 30-37.5 hours per week without special conditions and was 100% as productive as other employees. *Id.* at 2869-70. The ALJ reasonably found that this contradicted her testimony that she worked more slowly. *See id.* at 2479, 2517. Although her employer reported frequent absences, wage records showed she worked more than the three days per week she claims, further undermining allegations of disabling limitations. *Id.* at 2827, 2869.

The ALJ also reasonably considered other activities as inconsistent with her testimony. *See Orn*, 495 F.3d at 639. Plaintiff socialized in person and by phone and attended church, contradicting claimed interpersonal difficulties. AR at 98, 2479. Despite reporting she did not drive due to pain and lack of license, the records reflect she drove at time. *Id.* at 434 ("If you don't drive explain why not. Pain, can't no DL"), 1153 ("When first noticed the pain she was driving to work."), 3170 ("Pt state she was restrained driver in MVC with airbag deployment 2 weeks ago"). Even when reporting back pain, she was noted to exercise daily by chasing her daughter. *Id.* at 2466. Evidence that she performs most childcare and household chores and works part-time reasonably undermined allegations of disabling back pain.

The ALJ further found her testimony about walking, sitting, and standing inconsistent with examination. AR at 2461-80. For example, when she requested oxycodone, the exam showed no difficulty walking or transitioning from standing to sitting. *Id.* at 2464-65. Other exams showed she could stand and walk without pain. *Id.* at 2468. Her 2017 heel fracture had completely healed, and residual pain due to arthritis improved immediately with injection. *Id.* at 2467. Plaintiff has not shown error in this analysis.

Finally, Plaintiff argues harmful error because the VE hypothetical included a sit/stand-at-will (while on task) limitation that the final RFC did not. (Dkt. # 11 at 13-14.) Any omission was harmless. The VE testified that even with a sit/stand-at-will limitation, there were jobs Plaintiff could perform—the same jobs identified in the decision. *Id.* at 2483, 2520. Because the hypothetical was more restrictive than the RFC, Plaintiff cannot show prejudice.

Accordingly, the ALJ did not err in evaluating Plaintiff's symptom testimony.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 11th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge